IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYMOND EUGENE FULLER,          )
                               )
                   Plaintiff,  )
                               )
        v.                     )          Case No. 20-3069-JWL
                               )
STATE OF KANSAS,               )
                               )
                   Defendant.  )
                               )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court[1] on Raymond Fuller's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1). Petitioner has traveled a long and winding road through the state courts of Kansas from the time of his convictions and sentence to his initiation of these federal habeas proceedings, which road included multiple evidentiary hearings in the state district court and multiple appeals that yielded four written appellate opinions and a reversal and remand by the Kansas Supreme Court. In the end, the Kansas courts rejected all of petitioner's claims of trial error, sentencing error, and ineffective assistance of counsel. In making those decisions, the state courts reasonably applied the applicable standards from the United States Supreme Court. Accordingly, the Court **denies** the petition for writ of habeas corpus.

---

[1] This case was reassigned to the undersigned judge on August 3, 2021.

## I.   **Background**

In 2007, petitioner Fuller was convicted by a jury in the District Court of Sedgwick County, Kansas, of rape, aggravated sexual battery, and aggravated burglary. The charges arose from petitioner's sexual contact with the victim, C.K., in the victim's home. Petitioner was represented at trial by attorney Quentin Pittman. Petitioner was sentenced to a term of imprisonment of 640 months, which term was based on the applicable sentencing guideline range for a defendant with petitioner's criminal history, which included multiple prior convictions. After a hearing, the district court denied the motions for acquittal and for a new trial filed by petitioner's counsel and the additional motion for a new trial filed by petitioner *pro se*.    The district court also denied petitioner's *pro se* motion for reconsideration after a hearing. In 2009, the Kansas Court of Appeals ("the KCOA") affirmed petitioner's convictions and sentence, and the Kansas Supreme Court denied further review. *See State v. Fuller*, 2009 WL 4639506 (Kan. Ct. App. Dec. 4, 2009) (unpub. op.), *rev. denied* (Kan. June 24, 2010).

In 2011, petitioner initiated state habeas proceedings in the state district court pursuant to K.S.A. § 60-1507, in which petitioner alleged ineffective assistance of trial counsel in violation of the Sixth Amendment. Petitioner was appointed counsel to represent him in those proceedings. After a hearing on that motion, the district court denied most of petitioner's claims, but it ordered an evidentiary hearing with respect to three ineffective-assistance claims. After an evidentiary hearing conducted in May 2012, the district court denied petitioner's remaining claims. Petitioner appealed the district court's denials with respect to three of his claims, but the KCOA affirmed the district court's

rulings in a 2013 opinion.  *See Fuller v. State*, 2013 WL 6164528 (Kan. Ct. App. Nov. 22, 2013) (unpub. op.).  The Kansas Supreme Court granted review and affirmed the denial of two of the claims; but after reviewing petitioner's claim of a conflict of interest at the hearing on the new trial motions, the supreme court reversed the denial and remanded the matter to the district court for a hearing on issues raised in petitioner's *pro se* motion for a new trial that had not already been decided adversely in the Section 60-1507 proceedings. *See Fuller v. State*, 303 Kan. 478 (2015).  In 2016, the district court conducted another evidentiary hearing, after which it denied all claims reasserted by petitioner through his appointed counsel.  The KCOA affirmed in 2019, and the Kansas Supreme Court denied further review.  *See Fuller v. State*, 2019 WL 1087429 (Kan. Ct. App. Mar. 8, 2019) (unpub. op.), *rev. denied* (Kan. Dec. 13, 2019).

On March 4, 2020, petitioner filed the instant *pro se* petition in this Court.  After receiving several extensions of time, the State filed a response in December 2020.  After receiving extensions of his own, petitioner filed a reply brief on August 2, 2021.

## II.    <u>Governing Standards</u>

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides for consideration of a prisoner's writ of habeas corpus on the ground that "he is in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).  The petitioner must exhaust state court remedies.  *See id.* § 2254(b), (c).  Relief shall not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to,

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See id.* § 2254(d).  The standard is very strict, as explained by the Tenth Circuit:

> The [state court] rejected this claim on the merits.  Our review is therefore governed by the AEDPA, which erects a formidable barrier to federal habeas relief and requires federal courts to give significant deference to state court decisions on the merits.
>
> . . .
>
> Clearly established law is determined by the United States Supreme Court, and refers to the Court's holdings, as opposed to the dicta.  A state court decision is "contrary to" the Supreme Court's clearly established precedent if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.
>
> A state court decision is an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.  Evaluating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule – like the one adopted in *Strickland* – the more leeway state courts have in reaching outcomes in case-by-case determinations.  An *unreasonable* application of federal law is therefore different from an *incorrect* application of federal law.
>
> We may issue the writ only when the petitioner shows there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents.  Thus, even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.  If this standard is difficult to meet – and it is – that is because it was meant to be.  Indeed, AEDPA stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  Accordingly, we will not likely conclude that a State's criminal justice

system has experienced the extreme malfunction for which federal habeas relief is the remedy.

See *Frost v. Pryor*, 749 F.3d 1212, 1222-24 (10th Cir. 2014) (emphasis in original) (internal quotations and citations and footnote omitted).

### III.    Sufficiency of the Evidence of Aggravated Burglary

Petitioner challenges the sufficiency of the evidence supporting his aggravated burglary conviction under K.S.A. § 21-3716, which at that time defined the offense as "knowingly and without authority entering into or remaining within any building . . . in which there is a human being, with intent to commit a felony . . . therein." *See id.* Petitioner argues that the evidence was insufficient regarding his entering into or remaining within C.K.'s house without authority. In support of this claim, petitioner cites his own testimony that C.K. invited him into the house; the lack of testimony by C.K. that she told petitioner to remain outside or that she immediately told him to leave after he entered; and the fact that C.K.'s story had changed by the time she testified.

The sufficiency of the evidence supporting a conviction is reviewed under the standard announced in *Jackson v. Virginia*, 443 U.S. 307 (1979). Under that standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See id.* at 319 (emphasis in original). Such a claim may be raised in a federal habeas petition. *See id.* at 320-24. If the state court has already rejected the claim, however, the AEDPA "adds a second layer of deference to this standard," and

the federal court asks whether the state appellate court "correctly identified the governing legal principle from *Jackson* and reasonable applied it to the facts of [the habeas petitioner's] case." *See Hooks v. Workman*, 689 F.3d 1148, 1167 (10th Cir. 2012). The Tenth Circuit has referred to this standard as "deference squared." *See id.* at 1166.

The KCOA rejected this same claim by petitioner on direct appeal. *See Fuller*, 2009 WL 4639506, at *5. That court applied the following standard, identical to the *Jackson* standard: "When a defendant challenges the sufficiency of the evidence in a criminal case, the standard of review is whether after reviewing all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *See id.* (internal quotation and citation omitted). The KCOA found that standard satisfied with respect to whether petitioner entered or remained in the house without authority, based on C.K.'s trial testimony that she opened the interior door just enough to poke her head out; that the exterior glass door remained shut; that she did not ask petitioner to come inside; and that she told him to give her a minute and indicated that she would be right back. *See id.* The court concluded that a rational factfinder could find from such testimony that petitioner entered without authority, and that because the "entered" prong had been satisfied, the court did not need to address petitioner's arguments concerning whether he "remained" without authority. *See id.*

The KCOA applied the correct standard from *Jackson*, and its application in this case was reasonable in light of C.K.'s trial testimony.[2]  Accordingly, there is no basis to disturb that court's affirmance, and the Court denies this claim by petitioner.

### IV.   Use of Prior Convictions in Sentencing

Petitioner also argues that the trial court's use of his criminal history in sentencing him violated the constitutional requirement, recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that any fact that increases a sentence beyond the statutory maximum be found by a jury beyond a reasonable doubt.  *See id.* at 490.  The KCOA followed precedent from the Kansas Supreme Court in rejecting this claim on direct appeal.  *See Fuller*, 2009 WL 4639506, at *6 (citing *State v. Ivory*, 273 Kan. 44 (2002)).

The Court denies this claim by petitioner.  Petitioner argues that under *Apprendi* the fact of his prior convictions had to be submitted to the jury.  In deciding *Apprendi*, however, the Supreme Court held that its rule applied to facts "[o]ther than the fact of a prior conviction."  *See Apprendi*, 530 U.S. at 490.  Only two years ago the Supreme Court confirmed that the fact of a prior conviction remains an exception to the general rule of

---

[2] Petitioner argues that the Kansas state courts' standard is more akin to the standard from *Thompson v. City of Louisville*, 362 U.S. 199 (1960), that the Supreme Court rejected in *Jackson*.  As set forth above, however, the standard applied by the court of appeals in petitioner's case is virtually identical to the *Jackson* standard.  In *Jackson*, the Supreme Court rejected *Thompson*'s "no evidence" standard, by which the Court had held that a verdict supported by no relevant evidence was constitutionally infirm.  *See Jackson*, 443 U.S. at 314, 320.  The KCOA did not apply such a "no evidence" standard in petitioner's case, however.  Thus, the Court concludes that the state court applied the correct Supreme Court standard in this case.

*Apprendi. See United States v. Haymond*, 139 S. Ct. 2369, 2377 n.3 (2019).  Thus, petitioner has not shown that the KCOA's rejection of this claim is contrary to or an unreasonable application of settled law of the Supreme Court, and the Court therefore denies this claim.[3]

In his reply brief to this Court, petitioner appears to argue for the first time that three prior convictions should have counted as a single conviction for the purpose of determining his criminal history score at sentencing.  The Court rejects any such claim for multiple reasons.  First, petitioner has not sufficiently explained how his criminal history was incorrectly determined.  He has not identified the particular convictions at issue or the law that would require their consideration as a single conviction under the sentencing guidelines; nor has he included in the record the presentence report that included the calculation adopted by the district court.  Second, petitioner does not appear to have raised this issue in the state court on appeal or in his post-conviction proceedings, and thus he has failed to exhaust state court remedies with respect to this issue as required under the AEDPA.  *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).  Third, this Court does not ordinarily address new arguments raised in a reply brief.  *See U.S. Fire Ins. Co. v. Bunge*

---

[3] Petitioner argues that in a concurring opinion in *Shepard v. United States*, 544 U.S. 13 (2005), Justice Thomas noted that a majority of the Supreme Court had recognized that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) – on which the Court had relied for its holding in *Apprendi*, *see Apprendi*, 530 U.S. at 487-89 – was wrongly decided.  *See Shepard*, 544 U.S. at 27-28 (Thomas, J., concurring).  The Supreme Court has never held, however, that the fact of prior convictions used to determine a criminal history score must be submitted to a jury, and in 2019 the Court reaffirmed in *Haymond* that the fact of prior convictions remains an exception to the *Apprendi* rule.  Thus, there is no basis under the AEDPA to disturb the KCOA's affirmance of petitioner's sentence.

*N. Am., Inc.*, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008) (Lungstrum, J.) (citing

*Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)).

### V.   Ineffective Assistance of Counsel

Petitioner asserts numerous claims that his representation by Mr. Pittman, his trial

counsel, was constitutionally deficient.   Petitioner's claims of ineffective assistance of

counsel are governed by the deferential two-pronged standard set forth by the Supreme

Court in *Strickland v. Washington*, 466 U.S. 668 (1984).   Under that standard, "[t]o

establish ineffective assistance of counsel, [a] [d]efendant must show 'that counsel's

representation fell below an objective standard of reasonableness' and that he was

prejudiced by the deficient performance."   *United States v. Moya*, 676 F.3d 1211, 1213

(10th Cir. 2012) (quoting *Strickland*, 466 U.S. at 687-88, 692).   The test for establishing

prejudice is as follows:

> The defendant must show that there is a reasonable probability that, but for
> counsel's unprofessional errors, the result of the proceeding would have been
> different.   A reasonable probability is a probability sufficient to undermine
> confidence in the outcome.

*See Strickland*, 466 U.S. at 694.

> Surmounting *Strickland*'s high bar is never an easy task.   An
> ineffective-assistance claim can function as a way to escape rules of waiver
> and forfeiture and raise issues not presented at trial, and so the *Strickland*
> standard must be applied with scrupulous care, lest intrusive post-trial
> inquiry threaten the integrity of the very adversary process the right to
> counsel is meant to serve.   Even under *de novo* review, the standard for
> judging counsel's representation is a most deferential one.   Unlike a later
> reviewing court, the attorney observed the relevant proceedings, knew of
> materials outside the record, and interacted with the client, with opposing
> counsel, and with the judge.   It is all too tempting to second-guess counsel's

> assistance after conviction or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

*See Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotations and citations omitted).

The Court's review under the AEDPA of a state court's application of *Strickland* is even more deferential:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*See id.* (internal quotations and citations omitted).[4]

The state courts addressed and rejected petitioner's various claims of ineffective assistance of counsel. In each case, the court identified and applied the governing *Strickland* standard. Moreover, applying the doubly deferential standard discussed above,

---

[4] At various times in the state courts, petitioner argued that the prejudice required by *Strickland* should be presumed under *United States v. Cronic*, 466 U.S. 648 (1984), in which the Supreme Court recognized such an exception in the event there has been a complete denial of counsel at a critical stage of trial or counsel has entirely failed to subject the prosecution's case to meaningful adversarial testing. *See id.* at 659. Petitioner does not appear to argue for such an exception to be applied by this Court, however. Moreover, the Court agrees with the state courts that petitioner's trial counsel did contest the prosecution's case and thus that petitioner was not effectively denied any assistance of counsel such that the *Chronic* exception might apply here. *See Fuller*, 303 Kan. at 491.

the Court concludes that petitioner has not shown that the state courts applied the *Strickland* standard unreasonably, and the Court therefore denies petitioner's ineffective-assistance claims.  The Court addresses each of petitioner's claims further in the order in which the allegedly deficient performance occurred.

> A.   *Pretrial Motions*

Petitioner claims that his trial counsel rendered ineffective assistance by filing pretrial motions (for instance, relating to the reliability of eyewitness identifications) that were not relevant to petitioner's case in light of his primary defense that C.K. consented to the sexual contact.  The Court rejects this claim for multiple reasons.

First, although petitioner made this same claim on direct appeal, the KCOA ruled that his ineffective-assistance claims were not sufficiently asserted or developed in the district court to allow them to be considered for the first time on appeal.  *See Fuller*, 2009 WL 4639506, at *5.  This Court may not now review that procedural default in the state court.  *See Davila*, 137 S. Ct. at 2064.[5]  The KCOA noted that petitioner was free to assert

---

[5] The prohibition on the review of a procedurally-defaulted claim may be overcome if the petitioner can show cause for the default and actual prejudice resulting from the constitutional violation.  *See Davila*, 137 S. Ct. at 2064-65.  Petitioner has not identified any allowable cause for the failure to raise this claim or his other claims in the Kansas appellate courts.  Petitioner instead cites the Supreme Court's statement in *Murray v. Carrier*, 477 U.S. 478 (1986), that in an extraordinary case, habeas relief may be granted without a showing of cause for a procedural default if the constitutional violation resulted in the conviction of a person actually innocent of the offense.  *See id.* at 496.  Petitioner argues at length in his petition that certain evidence demonstrates that he did not commit the offenses; he concedes, however, that the case was decided on the credibility of petitioner and C.K., and the jury in this case clearly believed the testimony of the victim over that of petitioner.  That finding by the jury was sufficiently supported by the evidence, including C.K.'s testimony, and thus petitioner cannot show his actual innocence (let alone Continued…

11

such claims in a collateral proceeding under K.S.A. § 60-1507, *see Fuller*, 2009 WL 4639506, at \*5; but when petitioner initiated such a proceeding and asserted various ineffective-assistance claims in the district court, he omitted a claim based on the pretrial motions filed by counsel.  Nor did he assert such a claim on appeal from the denial of his Section 60-1507 motion.  Thus, petitioner failed to exhaust state court remedies with respect to this claim.  *See Davila*, 137 S. Ct. at 2064.

Second, petitioner has not shown that he should prevail on the merits of this claim. Petitioner has not identified any possible prejudice to his criminal case from the fact that his counsel filed certain stock limine motions that the trial court rejected as inapplicable in petitioner's case.  Therefore, petitioner is not entitled to relief under *Strickland*.

In his reply brief to this Court, petitioner also clams for the first time that his trial counsel's performance was deficient in failing to cross-examine the victim at the preliminary hearing and in failing to argue against the pretrial addition of another count. The Court denies these claims: petitioner did not exhaust by asserting them in state court; this Court does not ordinarily consider new issues raised in a reply brief; and even if the claims could be considered, petitioner has not established the requisite prejudice under *Strickland*.

        B.       <u>Failure to Strike Jurors</u>

---

that the filing of the pretrial motions – or any other alleged deficiency – caused his convictions).  Accordingly, this Court cannot grant relief on any claim procedurally defaulted in the state courts.

Petitioner argues that his trial counsel's performance was constitutionally deficient because he failed to use peremptory strikes to strike the following three jurors from the panel: (1) a man who knew a detective who had worked on the case; (2) a woman who had recently retired from employment at the courthouse at which petitioner was tried; and (3) a woman who had been the victim of an assault.

Petitioner raised an issue with respect to all three jurors in his *pro se* motion for a new trial, but the district court denied relief, concluding that there had been no basis to strike any of those jurors for cause and that trial counsel's decision not to strike those jurors was a reasonable exercise of trial strategy. Petitioner did not raise any juror issue on direct appeal. In his Section 60-1507 motion, petitioner claimed ineffective assistance of counsel with respect to the decisions not to strike the male juror and the retired courthouse employee. The district court denied the claim with respect to the retired employee for the reason that petitioner had not shown that the juror was biased in any respect. After an evidentiary hearing, the district court denied the claim with respect to the male juror, concluding that counsel's decision had been reasonable in light of the facts that the juror was only an acquaintance of the detective, the detective did not testify at trial, and the juror had stated that he would be impartial. Petitioner did not then raise any juror issues with the KCOA or the Kansas Supreme Court. After the supreme court remanded the case to the district court for consideration of issues raised in the *pro se* new trial motion, petitioner against claimed ineffective assistance with respect to the decision not to strike the assault victim. The district court denied the claim, concluding that counsel's decision not to strike the juror, who had not been the victim of a *sexual* assault, was a matter of trial strategy

entitled to deference, and that no prejudice had been shown. On appeal from that denial, the KCOA ruled that petitioner had abandoned this claim by briefing the issue only conclusorily, and that even if the issue had been raised properly, it would rule that petitioner failed to satisfy either *Strickland* prong.

The Court denies petitioner's claim of ineffective assistance of counsel based on a failure to strike certain jurors. The state courts identified and applied the *Strickland* standard, and those courts' application of the standard was not unreasonable. As the state courts noted, a trial attorney's decision concerning the use of peremptory strikes is a matter of trial strategy entitled to deference, and in his briefs petitioner has not discussed the strikes that counsel did employ or attempted to show that any of those struck would have been better jurors for him. Nor has petitioner shown that any of these three jurors was actually biased or that counsel's decisions concerning jury strikes affected the outcome of the trial in any way.

Moreover, petitioner failed to preserve these claims properly for this Court's review: with respect to the male juror and the retired courthouse employee, petitioner did not appeal the district court's denial of his claims, and he thus abandoned those claims and failed to exhaust his available state court remedies; and petitioner did not assert a claim based on the assault victim in his habeas petition, but improperly asserted such a claim for the first time in his reply brief.

C.    *Failure to Impeach the Credibility of the Victim*

Petitioner claims that trial counsel's performance was deficient because he failed to impeach the victim's credibility on cross-examination by confronting her with her

statements to police that were inconsistent with her trial testimony. The Court denies this claim. Petitioner asserted such a claim in the Section 60-1507 proceeding, but the district court denied the claim, noting that counsel had in fact confronted the victim with inconsistencies. That court acted reasonably in concluding that counsel's performance was not deficient under the applicable *Strickland* standard. Moreover, petitioner failed to appeal that denial to the KCOA, and thus he failed to exhaust his available state court remedies with respect to this claim.

> D. _Direct Examination of Defendant_

Petitioner claims that trial counsel's representation was constitutionally deficient with respect to his direct examination of petitioner at trial. Petitioner argues that counsel asked him leading questions in which he presumed petitioner's guilt (for instance, "That's when you grab her and attack her right?") and that he thus harmed petitioner's credibility with the jury. Petitioner further argues that counsel failed to prepare him for such questions and failed to explain the questioning strategy to the jury.

The Court denies this claim. Trial counsel testified that he examined petitioner in such a manner in order to elicit passionate denials from petitioner that would contrast with the victim's more staid testimony, and that he continued to use that strategy throughout the examination because it was working. The district court and both appellate courts agreed that counsel's examination strategy was not unreasonable. The Kansas Supreme Court, in holding that counsel's performance in this regard was not deficient, reasoned as follows: counsel met his duty to prepare petitioner for the examination; the strategy succeeded, as petitioner did passionately deny the prosecution's allegations as repeated in the

examination questions, and counsel continued to use the strategy for that reason; that counsel followed the leading questions with open-ended questions that allowed petitioner to explain; that counsel made clear petitioner's defense of consent in the opening statement and closing argument to the jury; and that counsel did advocate for his client. That conclusion by the supreme court is reasonable, particularly in light of the record of the trial and the district court's acceptance of counsel's testimony at the evidentiary hearing on the Section 60-1507 motion.

E.     *Failure to Object to a Question Regarding Drug Use*

Petitioner claims that when the prosecutor asked him on cross-examination whether his memory was clouded by drug or alcohol use, the prosecutor violated the trial court's limine ruling prohibiting questions about petitioner's prior drug use; and that trial counsel should have objected to the question on that basis. Petitioner failed to appeal the district court's denial of this claim, however, and he has therefore failed to exhaust his available state court remedies. Moreover, the claim fails on its merits: the district court reasonably concluded that counsel's performance was not deficient based on counsel's statement that he did not want to draw attention to the matter by an objection; and petitioner cannot show prejudice in light of his negative response to the question and the trial judge's statement at an earlier hearing that the question did not in fact violate the limine ruling (meaning an objection would not have been sustained).

F.     *Failure to Subpoena a Witness*

Petitioner claims that counsel should have subpoenaed a particular witness to testify that the victim was "a flirt and a tease" to corroborate his own testimony to that effect. The

16

Kansas Supreme Court upheld the district court's denial of this claim, ruling that counsel's performance was not deficient because the witness's testimony would not have been admissible as character evidence (while rejecting petitioner's argument that the prosecution had put the victim's character at issue). This Court must defer to the state court's ruling concerning state rules of evidence, and petitioner has not shown that application of those rules in this case would have violated the federal Constitution. Because the evidence could not have come in, petitioner cannot satisfy either prong of *Strickland*, and the Kansas Supreme Court's ruling to that effect was therefore reasonable. Accordingly, the Court denies this claim.[6]

### G.    *Failure to Obtain Telephone Records*

Petitioner claims that trial counsel should have obtained petitioner's and the victim's telephone records, which might have contradicted the victim's testimony concerning her telephone calls during petitioner's visit to her house. Petitioner has not shown, however, that the state courts' denial of this claim was unreasonable. The KCOA noted that the district court credited the attorney's testimony that he chose not to obtain the records because the records could have been harmful to petitioner's defense, the prosecutor would likely have learned of any such subpoena (based on his experience with that prosecutor), and the potential benefit did not outweigh the risk. The KCOA thus reasonably concluded that counsel's performance was not deficient under the applicable *Strickland* standard.

---

[6] In addition, it does not appear that petitioner has ever produced evidence (for instance, an affidavit from the witness) to establish the substance of the witness's proposed testimony.

Moreover, because petitioner has not provided the records or otherwise established their contents, he cannot show any prejudice from the failure to use the records at trial. The Court therefore denies this claim.

### H.    *Jury Instructions*

Petitioner claims that counsel acted deficiently with respect to two jury instructions. Petitioner raised these issues in his Section 60-1507 motion to the district court, but he did not appeal the district court's denial of these claims to the KCOA. Accordingly, petitioner abandoned those claims and failed to exhaust his state court remedies. In addition, petitioner has not shown that he should succeed on the merits of these claims. Petitioner argues that counsel should have objected to the burden-of-proof instruction's use of "until you are convinced;" but the district court reasonably rejected this claim in light of the state of the law at that time, as the Kansas Supreme Court had previously held that the use of that instruction did not constitute reversible error. *See State v. Wilkerson*, 278 Kan. 147, 158 (2004). The district court also acted reasonably in concluding that counsel did not act deficiently under *Strickland* in choosing not to ask for a lesser-included instruction after consultation with petitioner. The Court therefore denies these claims.

### I.    *Sentencing*

Petitioner appears to argue that counsel's representation was deficient because he failed to investigate certain matters for use at petitioner's sentencing. This issue is not properly before the Court, however, as petitioner failed to raise the issue at all in the state courts, and he raised the issue in this Court for the first time only in his reply brief.

### J.    *Posttrial Motions*

18

Petitioner claims that his trial counsel was ineffective with respect to his arguments to the district court at the hearing on the posttrial motions filed by counsel and by petitioner *pro se*. The Court denies these claims.

First, petitioner complains that although counsel filed motions for a new trial and for acquittal on his behalf, at the hearing counsel told the court that he thought the trial was pretty "clean" and that he could not think of a basis for relief. The state courts rejected this claim of ineffective assistance of counsel, and that rejection was not unreasonable. Petitioner has not identified a particular argument on which he would have prevailed that counsel should have raised at the hearing (and the Court has rejected his sufficiency-of-the-evidence claim herein). Thus, petitioner has not shown that he suffered any prejudice from his counsel's failure to argue more strongly in support of the posttrial motions that he filed.

Second, petitioner complains that trial counsel actually argued against his *pro se* motion for a new trial in the hearing before the trial court. When petitioner raised issues concerning counsel's performance (with respect to counsel's failure to strike certain jurors, his failure to object to a question as violating the limine ruling, and his failure to obtain telephone records), counsel defended that performance. The Kansas Supreme Court ruled that that argument by counsel did create a conflict at the hearing. The supreme court noted, however, that many of petitioner's ineffective-assistance claims had already been litigated and rejected in the Section 60-1507 proceedings, in which petitioner was represented by conflict-free counsel, and it therefore declined to order a remand to relitigate any such rejected claims. It did order remand to the district court for hearing on arguments that

petitioner raised in his new trial motion that were not already rejected in the Section 60-1507 proceedings.  *See Fuller*, 303 Kan. at 502-03.  On remand, petitioner (represented by conflict-free counsel) asserted claims relating to the failure to obtain telephone records and the failure to strike one juror (the assault victim).  The district court denied those claims after an evidentiary hearing, and the KCOA affirmed that denial.

Thus, although petitioner's trial counsel did act under a conflict at the hearing on the new trial motions, petitioner was granted a remedy by the Kansas Supreme Court.  That court did not allow petitioner to relitigate ineffective-assistance claims that he had already unsuccessfully litigated with conflict-free counsel, and petitioner has not shown that that decision runs afoul of any clearly established law of the United States Supreme Court.  With respect to the issues that petitioner litigated after remand, the Court has already held that the state courts' rejection of those claims was not unreasonable.  Ultimately, petitioner has not shown that his counsel's performance at the hearing on the posttrial motions had any adverse effect on the outcome of his case, as petitioner was given the opportunity to litigate any such issues with new counsel, and petitioner's claims were subsequently rejected by the state courts.  The Court therefore denies this claim for habeas relief.

K.    *Cumulative Effect of Deficiencies*

Finally, petitioner argues that he suffered prejudice from the cumulative effect of the multiple instances of trial counsel's constitutionally-deficient performance.  The Court denies this claim.  As set forth in this opinion, petitioner has not established any instances of deficient performance at trial.  Moreover, it does not appear that petitioner made such a

cumulative-effect claim to the state courts, and thus he has failed to satisfy the exhaustion requirement with respect to such a claim.

### VI.    <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. [7] "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  Because it is clear that petitioner is not entitled to relief on his habeas petition, the Court denies a certificate of appealability in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for relief pursuant to 28 U.S.C. § 2254 is **denied**.

IT IS SO ORDERED.

Dated this 24th day of August, 2021, in Kansas City, Kansas.

<u>*s/ John W. Lungstrum*</u>
John W. Lungstrum
United States District Judge

---

[7] [1]The denial of a Section 2254 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).